IN UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV-05-069-E-BLW |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **DECISION AND ORDER** |
| PERRY L. MEULEMAN and RAE E. MEULEMAN, Husband and Wife; KEY BANK OF IDAHO; DEERE & COMPANY; NORTHWEST FARM CREDIT SERVICES, FLCA; AGRIBANK, FCB; CHRISTIANA BANK & TRUST COMPANY as Owner Trustee for SECURITY NATIONAL ASSET SECURITIZATION SERIES TRUST; and JENTZSCH-KEARL FARMS, | ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

The Court has before it the United States' Motion for Summary Judgment (Docket No. 21). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P.

**Memorandum Decision and Order - 1**

56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  The moving party has the initial burden to prove that no genuine issue of material fact exists.  *See Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Once the moving party has carried its burden under Rule 56, the opposing party must go beyond the pleadings to designate specific facts establishing a genuine issue for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  All inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  *Matsushita*, 475 U.S. at 587.

Plaintiff's Statement of Material Facts Not at Issue, along with the Declaration of Chris Reninger, fulfill Plaintiff's initial burden in this case by establishing the following elements: (1) the Meulemens executed promissory notes evidencing loans made to them by Plaintiff; (2) the Meulemans executed real estate mortgages and security agreements to secure the loans; (3) the notes, mortgages, and security agreements are held and owned by Plaintiff and require the Meulemans to make regular payments to Plaintiff; (4) the Meulemans are in default and the mortgages and security agreements provide for foreclosure in the case of default; (5) Plaintiff complied with applicable servicing regulations and duly accelerated the debt; and (6) the Meulemans owe a sum certain to Plaintiff.

In response to Plaintiff's motion, the Meulemans designated no facts

**Memorandum Decision and Order - 2**

establishing a genuine issue for trial.  Accordingly,

NOW THEREFORE IT IS HEREBY ORDERED that the United States' Motion for Summary Judgment (Docket No. 21) shall be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED that the United States shall have summary judgment against the Defendants Perry L. Meuleman and Rae E. Meuleman, Husband and Wife, as follows:

(1) To foreclose its interests in the subject property;

(2) To have the real estate and appurtenant irrigation equipment sold as three separate parcels; and,

(3) To have all sales proceeds first applied to the entire indebtedness owed to Plaintiff by Defendants Meuleman, with the exception of Parcel 3 where it was stipulated that the security interest of Northwest Farm Credit Service, FLCA, is superior and prior to the security interest of the United States and shall be paid in full from the proceeds of the sale of Parcel 3, with the United States entitled to any proceeds remaining after the interest of Northwest Farm Credit Service, FLCA, is satisfied, with Christiana Bank & Trust Company entitled only to proceeds remaining in surplus after the United States' judgment and security interest of Northwest Farm Credit Service, FLCA, is satisfied.

**Memorandum Decision and Order - 3**

IT IS FURTHER ORDERED that because this order resolves all remaining disputes against all parties in this matter, this case shall be dismissed in its entirety. The Court will enter a separate Judgment as required by Federal Rule of Civil Procedure 58.



DATED: **August 1, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 4**